UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| JAQUAN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 19-223-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| JORDAN PERRY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Jaquan Davis, a federal inmate, has filed claims under the Federal Tort Claims Act and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), stemming from an alleged sexual assault at the United States Penitentiary-McCreary.  The Defendants seek partial dismissal of Davis's claims.  [R. 19.]  For the reasons that follow, the Court will **GRANT** the Defendants' motion and **DISMISS** the relevant claims.

# I

Jaquan Davis is currently incarcerated at the Federal Correctional Institution-Jesup in Jesup, Georgia, but he was previously housed at USP-McCreary.  Davis claims that in October 2017 while at USP-McCreary, he suffered a sexual assault and subsequent injuries at the hands of Correctional Officer Jordan Perry.  Specifically, Davis alleges that on October 10, 2017, Officer Perry came to his cell in the Special Housing Unit and handcuffed him for the sole purpose of illicitly touching his penis.  [R. 1.]  When Davis tried to avoid the unwanted sexual contact, he fell backwards and injured his shoulder, hand, and arm.  [*Id.*]  In the present lawsuit, Davis claims Perry's conduct violated his Eighth Amendment rights, and he also brings Federal Tort Claims Act ("FTCA") claims against the United States.  [*Id.*]

Notably, this lawsuit (filed in September 2019) is not the first that Davis has filed regarding the alleged assault. On October 9, 2018, Davis filed a *Bivens* complaint contending the encounter with Perry violated his Eighth Amendment rights. *See Davis v. Perry*, et al., Case No. 6:18-cv-255-CHB (E.D. Ky. 2018) ("*Davis I*"). On April 17, 2019, Davis amended that complaint to add FTCA claims against the United States. *Id.* at R. 27 therein. Officer Perry and the United States then moved to dismiss the action, arguing in part that Davis had failed to properly exhaust his FTCA claims. *Id.* at R. 31 therein. Instead of responding substantively to the motion to dismiss, Davis filed his own motion to dismiss. Davis acknowledged his failure to properly exhaust certain claims and moved the Court to dismiss the action without prejudice. *Id.* at R. 33 therein. The Court ultimately granted Davis's request. *Id.* at R. 34 therein.

Around two weeks after *Davis I* was dismissed, Davis filed the complaint currently pending in this case. Like *Davis I*, the present complaint alleges constitutional claims against Officer Perry and FTCA claims against the United States. [R. 1.] Further, the complaint proactively describes Davis's attempts to exhaust his administrative remedies with respect to both the *Bivens* and FTCA claims. Describing the Eighth Amendment *Bivens* claims, Davis asserts that "[t]he BOP denied Plaintiff's final administrative appeal on May 15, 2018, Remedy I.D. No. 919987." [*Id.* at 3.] And as for the FTCA claims, Davis states that his "administrative tort claim" was denied on March 20, 2019. [*Id.*]

The Government now seeks dismissal of all of the *Bivens* claims against Officer Perry and some of the FTCA claims against the United States.[1] Upon review, the Court finds the motion to dismiss is properly granted.

---

[1] Specifically, the Government seeks dismissal of the negligent supervision claim against the United States brought under the FTCA. But the motion to dismiss does not address the state law tort claims for which the United States has substituted itself as a party in place of Officer Perry. [*See* R. 19-1 at 1 n. 1; R. 18.]

## II

The Defendants' motion seeks dismissal of Davis's Eighth Amendment *Bivens* claims against Officer Perry and his FTCA negligent supervision claim against the United States.  The Court addresses each claim in turn below.

## A

To begin, Davis relies on the doctrine announced in *Bivens* to assert Eighth Amendment claims against Officer Perry for illicit sexual touching and Davis's subsequent shoulder injury.  The Defendants seek dismissal of these claims for a variety of reasons, one being that they are barred by the applicable statute of limitations.  "*Bivens* claims have a one year statute of limitations under Kentucky law."  *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).  That statute of limitations is tolled while an inmate actively exhausts "such administrative remedies as are available."  *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).  However, once the exhaustion process is complete with respect to a particular claim, the statute of limitations once more begins to run.

Davis's representations to the Court, corroborated by the Defendants' stated understanding of the relevant dates and events, indicate that his Eighth Amendment claims accrued on the date of the incident in question—October 10, 2017.  [R. 1 at 3.]  The statute of limitations was then tolled on October 24, 2017, the date on which Davis submitted his first administrative remedy request.  [*See* R. 29-1 at 2.]  The statute of limitations remained tolled while Davis pursued his administrative remedies.

The record reflects that Davis completed the administrative remedy process on his Eighth Amendment claims on May 15, 2018, when the BOP's Office of General Counsel denied his final appeal.  [R. 1 at 3.]  Accordingly, the statute of limitations began to run again after that date.  The

remaining time on the statutory period thus expired in May 2019.  [*See* R. 19-1 at 8.]  Because Davis did not file his claims in the instant case until September 2019, [*see* R. 1 at 10], the Court agrees with the Defendants that Davis's *Bivens* claims are untimely.

In his response brief, Davis contends that he did not finish exhausting all of his administrative remedies until March 20, 2019.  [R. 29 at 7.]  And that date is indeed the date Davis finished exhausting his FTCA claims.  [*See* R. 1 at 3; R. 29-1 at 17-18.]  But the record makes clear that Davis had already finished exhausting his *Bivens* claims much earlier, on May 15, 2018.  [R. 1 at 3.]  The earlier date is the one that matters here.

Davis's voluntary dismissal of *Davis I* and the briefing in this matter suggests that Davis has conflated the exhaustion requirements for his *Bivens* and FTCA claims.  In fact, those claims are independent causes of action, each with its own statute of limitations and exhaustion requirements.  *See, e.g., Brockett v. Parks*, 48 F. App'x 539, 541 (6th Cir. 2002) (explaining that the plaintiff's "attempts to pursue his FTCA claim have no bearing on whether or not he exhausted his *Bivens* claim"); *Atkins v. Williams*, Case No. 5:20-cv-126-GFVT, 2020 WL 5505122, at *4 (E.D. Ky. Sept. 11, 2020) ("Constitutional claims seeking to recover from individuals officers pursuant to *Bivens* and tort claims seeking to recover from the United States based on allegations of negligence by its employees are separate and distinct claims, each with their own administrative remedy procedures.").  Accordingly, Davis was required to bring his *Bivens* claims to the Court within the one-year statute of limitations even if he was still completing his FTCA exhaustion obligations.

Unfortunately for Davis, the fact that he initially filed *Davis I* within the applicable *Bivens* statute of limitations does not change the result.[2]  "[A] voluntary dismissal comes at a cost.  When

---

[2] This is especially true where, as here, Davis has not affirmatively argued for equitable tolling.

voluntarily dismissing a claim, a party assumes the risk that the statute of limitations, any applicable preclusion rules or any other defenses might bar recovery on the claim." *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 661 (6th Cir. 2013); *see also Bomer v. Ribicoff*, 304 F.2d 427, 428 (6th Cir. 1962) ("An action dismissed without prejudice leaves the situation the same as if the suit had never been brought."). Thus, while Davis's misunderstanding of the filing deadlines and exhaustion rules is unfortunate, the misunderstanding ultimately proves fatal to the *Bivens* claims in this case.

## B

The Defendants also move to dismiss Davis's failure to supervise/failure to protect claim brought under the FTCA, arguing such a claim is barred by the FTCA's discretionary function exception. In general, the United States as a sovereign entity is immune from claims against it. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA constitutes a limited waiver of that immunity, permitting suit against the United States for personal injuries caused by government employees. 28 U.S.C. § 1346(b)(1). However, the United States has not waived its immunity for injuries caused by government employees' performance of discretionary acts. *See, e.g.*, 28 U.S.C. § 2681(a); *Montez ex rel. Estate of Hearlson v. United States*, 359 F.3d 392, 395 (6th Cir. 2004).

Specifically, 28 U.S.C. § 26801(a) provides that the FTCA's waiver of immunity does not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Whether this so-called discretionary function exception applies to a particular claim depends on a two-part test. "First, a court must ask whether the act involves 'an element or judgment or choice.'" *Montez*, 359 F.3d at 395 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)). If the answer to this first question is "yes," the Court must then determine "whether that judgment is of the kind that the discretionary function was designed to shield." *Id.* (quoting *Gaubert*, 499 U.S. at 322-23). Ultimately, in order to survive a motion to dismiss, a complaint "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *Id.* at 397 (quoting *Gaubert*, 499 U.S. at 324-25). Further, "[a]s a general principle, a complaint that alleges the existence of a specific and immediate threat against an inmate is more likely to survive a motion to dismiss than a complaint that either alleges a nonspecific threat or provides only conclusory statements regarding the existence of a threat." *Id.* at 398.

The Sixth Circuit has consistently found that agency hiring and supervisory decisions fall within the discretionary function exception, thus barring recovery under the FTCA. *See Snyder v. United States*, 590 F. App'x 505, 510 (6th Cir. 2014) (compiling cases). And Davis has not alleged facts to suggest the supervision of Officer Perry was not grounded in BOP policy. Instead, Davis attempts to analogize his situation to an Occupational Safety and Health Act statute in order to argue the exception does not apply. [*See* R. 29 at 19 (citing 29 U.S.C. § 654).] Davis's reliance on that irrelevant statute here is misplaced.

Davis does assert in his complaint that other inmates told him that Officer Perry had a history of touching inmates inappropriately, and that USP-McCreary supervisors knew or should have known of this history. [R. 1 at 4-5.] But without more, these hearsay statements amount to only "a nonspecific threat or . . . conclusory statements regarding the existence of a threat."

6

*Montez*, 359 F.3d at 398.  Neither Davis's complaint nor his response to the motion to dismiss describes a "specific and immediate threat"—of which supervisors knew—to his health and safety.  *See id.*  Accordingly, Davis's failure to supervise and/or protect claim is properly dismissed.

While the Court ultimately finds the Defendants' motion to dismiss should be granted, the Court notes the dismissal is only a partial one.  The other FTCA claims alleged in Davis's complaint remain pending, and the United States has already filed an answer to those claims.  [*See* R. 23.]  Accordingly, the Court will refer the claims to a United States Magistrate Judge who will determine the next appropriate steps in this litigation.

### III

For these reasons, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1.    The Defendants' Motion to Dismiss [R. 19] is **GRANTED**;

2.    Officer Jordan Perry is **DISMISSED** as a party to this litigation;

3.    Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions; and

4.    The Clerk of the Court shall **ASSIGN** this matter to the relevant Magistrate Judge.

This the 23rd day of November, 2020.



**Signed By:**

***William O. Bertelsman*** *WOB*

**United States District Judge**