**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL CASE NO. 19-223-WOB-CJS**

**JAQUAN DAVIS**                                                                               **PLAINTIFF**

**vs.**                                      **REPORT AND RECOMMENDATION**

**JORDAN PERRY, et al.**                                                         **DEFENDANTS**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On October 29, 2021, Defendant United States of America (United States) filed a Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings, or Summary Judgment.  (R. 50). The deadline for Plaintiff Jaquan Davis (Davis) to file a response came and went without a filing by Davis.  The Court gave him one last opportunity to respond to the Motion and file notice that he was not abandoning his case.  (*See* R. 51).  That deadline also passed without any further word from Davis.  This failure to come forward leads the undersigned to believe that Davis has abandoned his case.  Therefore, it will be recommended that the United States' Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings, or Summary Judgment (R. 50) be **denied as moot** and that Davis's Complaint (R. 1) be **dismissed without prejudice** for failure to prosecute.

I.      **Factual and Procedural Background**

The alleged events at issue in this matter took place when Davis was an inmate at the McCreary United States Penitentiary. (*See* R. 1).  Davis alleges that on October 10, 2017, Correctional Officer Jordan Perry sexually assaulted him and caused him physical injury when Officer Perry came into his cell in the Special Housing Unit, handcuffed him for the sole purpose of illicitly touching his penis, and caused him to fall backwards and injure his shoulder when he tried to avoid the unwanted sexual contact. (*Id*. at Page ID 3-4).

On September 16, 2019, Davis, proceeding *pro se*, initiated this case by filing a Complaint for claims under the Federal Tort Claims Act (FTCA) and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (*See* R. 1). Davis had previously filed a *Bivens* complaint against Officer Perry in this Court on October 9, 2018, asserting that his Eighth Amendment rights were violated by Officer Perry's alleged sexual assault. (*Id.* at Page ID 2, ¶ 6); *see also Davis v. Perry, et al.*, Case No. 6:18-cv-255-CHB (E.D. Ky. 2018). In that 2018 lawsuit, Davis moved to amend his complaint to add FTCA claims against the United States. *See Davis*, Case No. 6:18-cv-255-CHB (R. 27). Officer Perry and the United States moved to dismiss that action, arguing that Davis had not exhausted his FTCA claims. *Id.* (R. 31). Instead of filing a response, Davis filed his own motion to dismiss, acknowledging that he had failed to properly exhaust some of his claims, *id.* (R. 33), and asking the Court to dismiss that lawsuit without prejudice. *Id.* The Court granted Davis's motion. *Id.* (R. 34).

Approximately two weeks later, Davis filed the instant case, reasserting the claims he presented in his 2018 lawsuit against Officer Perry and the United States. (R. 1). He also alleged that he had exhausted administrative remedies. (*Id.* at Page ID 3, ¶ 7). Davis's request to proceed *in forma pauperis* was granted and the complaint was submitted for initial screening. (R. 6). After initial screening of Davis's claims, service of process was ordered. Officer Perry and the United States would be required to answer Davis's Complaint. (*See* R. 7).

On March 9, 2020, the United States moved to substitute itself for Officer Perry, to dismiss Officer Perry as a party to all state law claims asserted against him because he was acting within the scope of his employment as an employee of the Bureau of Prisons at the time of the alleged incident, and for an extension of time for the United States to file an answer concerning the state tort law claims asserted against Officer Perry. (See R. 18; R. 18-1). It also filed a motion to dismiss or, in the alternative, for summary judgment concerning Davis's *Bivens* claims against

2

Officer Perry and some of the FTCA claims against the United States. (R. 19). Specifically, the United States sought dismissal of Officer Perry entirely from this action and dismissal as to the negligent supervision claim against the United States, but not with respect to the state tort law claims for which the United States was seeking it be substituted in place of Officer Perry. (*Id.* at Page ID 127, n. 1).

On March 18, 2020, the Court found that Officer Perry was acting within the scope of his employment with the Bureau of Prisons and granted the United States' request to dismiss Officer Perry as a party to all state law claims alleged against him and substituted the United States as the party defendant for the alleged claims. (*See* R. 20). The Court also granted the United States' request for an extension to file an Answer to the state law claims alleged against Officer Perry. (*Id.*). The United States filed its Answer on April 17, 2020. (R. 23). On November 23, 2020, the Court granted the United States' motion to dismiss or, in the alternative, for summary judgment. (*See* R. 32). The Court held that Davis's *Bivens* claims against Officer Perry for alleged violations of his Eighth Amendment rights were time barred by Kentucky's one year statute of limitations because a one-year statute of limitations applied to the claim and Davis filed his Complaint in this case more than a year after the alleged assault. (*Id.* at Page ID 274). The Court also held that Davis's failure to supervise and failure to protect claim brought under the FTCA was properly dismissed because the Sixth Circuit Court of Appeals has held that this theory is barred under the FTCA. (*Id.* at Page ID 275). Moreover, the Court noted that because other claims remained that the United States had already filed an Answer for, this matter was referred to the undersigned to conduct all further proceedings, including filing a recommended disposition on any dispositive matters. (*Id.* at Page ID 276).

A Scheduling Order with various case deadlines was entered. (*See* R. 34). The case proceeded through the discovery phase; Davis participated in the discovery phase through several

filings. (*See, e.g.,* R. 37 (Response to Government's Motion to Take Remote Deposition); R. 38 (Motion to Appoint Counsel); R. 46 (Notice of Change of Address)). After completing discovery, the United States filed the pending Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings, or Summary Judgment on October 29, 2021. (R. 50). As explained in the Court's March 3, 2022 Order (R. 51), Davis had 21 days following the United States' filing of its dispositive motion to file any response, plus an additional 3 days for mailing. (R. 51 at Page ID 415). Although the deadline had long since passed without having heard from Davis, he was given one last opportunity to file a response to the United States' motion. (*Id.*). Concerned that Davis may have abandoned his case since he had made no other filings since his October 13, 2021, Notice of Change of Address, Davis was further ordered to make a notice filing indicating whether he intended to continue to pursue his case. (*Id.* at Page ID 416). Davis was given until March 16, 2022, to file any response and notice filing regarding his intent to continue to pursue this case. (*Id.*, at ¶¶ 1-2). In addition, Davis was specifically warned that his failure to file a response could lead to the Court granting the United States' motion, and that his failure to make the notice filing regarding his intent to continue pursuing this case could result in the undersigned recommending this matter be dismissed for failure to prosecute. (*Id.*). Davis has made no filings since that Order, by March 16 or otherwise.

## II.    Analysis

A federal trial court has authority to dismiss a case under Federal Civil Rule 41(b) because of a plaintiff's failure to prosecute his claims. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31 (1962) (holding the language in Rule 41(b) allowing for a party to move to dismiss for failure to prosecute did not implicitly abrogate the court's power to dismiss *sua sponte*).[1]  "The power to

---

[1] Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack

invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*; s*ee also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) ("Under the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute."); *see Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information).

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Rogers v. City of Warren,* 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll,* 176 F.3d at 363. As discussed below, a review of these factors leads to the conclusion that dismissal without prejudice is appropriate in this case.

First, the Court does not know why Davis has failed to prosecute his case, but his actions suggest that he has simply abandoned it. Despite specific instruction to make a required showing to move this case forward, he has failed to do so. Davis was given ample opportunity to file the required showing, and Davis was warned of the consequences of his failure to do so. (*See* R. 51).

---

of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

5

Nevertheless, Davis's lack of action indicates that his failure to prosecute this case is a willful decision on his part.

Second, while the prejudice to the United States at this point may be minimal, it has expended funds in defending this action, including discovery and preparation and filing of a dispositive motion. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) ("[D]efendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources to defend this case."). In addition, Davis's inaction has resulted in an overall delay of the litigation. Thus, Davis's failure to move this case forward by filing a response to the United States' dispositive motion or making any other filing to advance this case has caused prejudice to the United States as a defendant.

Third, Davis was explicitly warned that his failure to act may result in dismissal of his claim for failure to prosecute. (*See* R. 51). As previously noted, Davis filed a Notice of Change of Address on October 13, 2021, shortly before the United States filed its pending dispositive motion. (*See* R. 46). The docket reflects that the Clerk of Court updated Davis's address to reflect that he is no longer at FCI-Jessup; he has been transferred to Detroit RCC. (*Id.*). Since the Clerk updated his address, no further address changes have been filed. Indeed, the Court's March 3 Order directing Davis to file a response to the Motion to Dismiss was mailed to Davis's Detroit RCC address and no return of that mailing has been received by the Clerk.[2] Thus, Davis was given clear warnings that his case could be dismissed if he failed "to come forth and make the required notice filing stating that he intends to litigate his case." (R. 51 at Page ID 416, ¶ 2).

---

[2] Before Davis filed his Notice of Change of Address on October 13, 2021, the record reflects this Court's October 5, 2021 Order (R. 45) was returned as undeliverable. (*See* R. 47). However, it was remailed to Davis's current address with no return of the mailing being subsequently received.

Fourth, the last factor looks to whether less drastic sanctions were imposed or considered. Davis's complete failure to comply with Court orders or to communicate in any way that he intends to proceed with his case supports the conclusion that the appropriate sanction at this time is dismissal. *See Link,* 370 U.S. at 629-30 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Moreover, "no alternative sanction would protect the integrity of pre-trial procedures" as Davis's actions have indicated that he does not intend to further participate in his case. *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). And, by way of this Report and Recommendation, Davis can file objections should he disagree with this analysis and recommendation. Thus, given Davis's disregard for the Court's Order and his lack of participation or communication in this matter since October 13, 2021, it will be recommended that this matter be dismissed without prejudice.

## III.    Conclusion

As explained above, all four factors identified by the Sixth Circuit weigh in favor of dismissal of this action. Accordingly,

**IT IS RECOMMENDED** that:

1)      Davis's Complaint (R. 1) **be dismissed without prejudice** for failure to prosecute and to comply with Orders of the Court;

2)      The United States' Motion to Dismiss or, in the Alternative, for Judgment on the Pleadings, or Summary Judgment (R. 50) **be denied as moot;** and,

3)      this action **be stricken** from the Court's active docket.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within 14 days of being served with a copy.  Fed. R. Civ. P. 72(b)(2).

Signed this 14th day of June, 2022.



**Signed By:**

**Candace J. Smith**

**United States Magistrate Judge**

J:\DATA\Orders\civil london\2019\19-223-WOB R&R to dismiss.docx